[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a declaratory judgment action brought by the plaintiff Council 4, AFSCME, AFL-CIO, the collective bargaining unit for approximately 16 nurses who are employed on a part-time basis by the defendant, City of Stamford, and by the individual nurses as well. These nurses are not members of the city's Classified Employees' Retirement Fund, and the union and the individual plaintiffs seek a ruling that they should be included. The individual plaintiffs, although they work less than 35 hours per week, do work at least 20 hours per week.
The matter was referred to the attorney state trial referee program pursuant to General Statutes 52-434 (a) and Practice Book 428 et seq., and was tried on an agreed set of facts. The attorney trial referee, David Albert, Esq., recommended that judgment enter ordering the inclusion of the individual plaintiffs in this retirement fund, provided each such individual worked at least 20 or more hours per week on a year round basis.
The defendant filed a motion to correct, Practice Book 438, which was denied by the attorney trial referee, and subsequently the defendant filed objections to the report, Practice Book 440.
The basis for the attorney trial referee's recommendation that the nurses be included in the pension fund is that full-time nurses are members of the plan, and that "full time" is defined in the union contract as working not less than 20 hours per week on a year round basis. The referee also determined that the city's Classified Service rules defined "part-time" as working less than 20 hours per week on a year round basis. In addition, the trustees of the pension fund adopted regulations defining a full-time employee as one who is a member of the "Classified Service," which in turn defines full-time employees as someone working "normal hours" and part-time as referring to working less than 20 hours per week on a yearly basis. The referee therefore concluded that an employee working more than 20 hours per week, as do the individual plaintiffs in this case, should be included in the pension plan as they are deemed to be full-time employees for purposes of the retirement plan.
The defendant objects to this recommendation on the basis that the nurses work less than the normal working hours, less than 1700 hours a year, but since they work CT Page 4898 more than 20 hours a week I agree with the referee analysis.
Therefore, the recommendations of the attorney trial referee are accepted and judgment may enter including the individual plaintiffs in the city's retirement fund.
No costs.
So Ordered.
Dated at Stamford, Connecticut this 27th day of June, 1991.
WILLIAM B. LEWIS, JUDGE